[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Linda Caccomo, commenced this action claiming a dissolution of her marriage to the defendant, Michael Caccomo. In an amended complaint filed June 24, 1993 she claims a dissolution of the marriage, custody, child support, alimony, exclusive use of the marital home, counsel fees, a transfer of the defendant's interest in any pension or retirement plan he may have, conveyance of the defendant's right, title and interest in real property at Brown Street, Hartford, Connecticut, and settlement of all real and personal property between the parties.
The trial of this matter was held on March 24, 1995 and April 25, 1995. The court finds the following facts:
1. Plaintiff and the defendant intermarried at Hartford, CT Page 5899 Connecticut on March 2, 1982.
2. The plaintiff has resided continuously in the State of Connecticut for at least one year next preceding the date of this filing of her complaint.
3. The marriage of the parties has broken down irretrievably.
4. There are three minor children issue of the marriage:
Emanuele Michael Caccomo, born September 26, 1982
Christopher Armand Caccomo, born November 3, 1987
Joseph Anthony Caccomo, born December 4, 1990
5. The parties have been separated since May 11, 1993.
6. The cause of the breakdown of the marriage was repeated physical abuse along with verbal and emotional abuse of the plaintiff by the defendant husband. The plaintiff testified to at least seven incidents and in addition to these incidents of physical, verbal and emotional abuse the defendant while in Italy in 1987 contracted a venereal disease from a prostitute establishing infidelity on his part. This marriage is the first and only marriage for both parties.
The defendant operated a hair dressing business for a number of years and during that time gave to the plaintiff wife the sum of $1,000 to $1,500 each month for deposit to the personal household account. Since the breakup of this marriage and for some time before that, the defendant husband claims that the business has been running down hill and doing rather poorly. He claims an income of only $9,221.00 for the year 1993 and in his most recent affidavit claims he is earning only $265.00 per week.
The plaintiff is on State Welfare and receives food stamps and welfare payments equal to $210.00 per week.
The defendant husband owns a three family home jointly with his sister Victoria Catalano and it is located at 155 Brown Street, Hartford. The expenses, such as mortgage, electric heat etc. are greater than the income and although the defendant husband made a down payment of $30,000. which was furnished to CT Page 5900 him by his sister, Victoria Catalano, due to the real estate depression in the Hartford area this court finds that there is no equity in the three family house at 155 Brown Street, Hartford.
In addition the defendant husband owns four motor vehicles:
1984 Jaguar value unknown — possibly $1,000 — $2,000
1980 Thunderbird value unknown but considered negligible
1969 Alfa Romeo value approximately $5,000
1987 Toyota Van — value approximately $2,000 — $3,000
The plaintiff has no assets.
After reviewing all of the facts found, the evidence presented and the statutory criteria as set forth in Conn. General Statutes Sec. 46b-81, 46b-82 and 46b-84, the court enters the following orders:
A. The marriage is dissolved.
B. The parties shall enjoy joint legal custody of the three minor children. The children's primary residence shall be with the plaintiff mother subject to the following access schedule for the defendant father. With the exception of the first full weekend of each month of each month when the children shall be with their mother, the children shall be with their father each week from Saturday at 4:00 p.m. to Tuesday at 8:00 p.m. and each Thursday from 5:00 p.m. to 8:00 p.m. The holiday and vacation schedule shall be as recommended by the Family Relations Division which is as follows:
HOLIDAYS:
1. Thanksgiving — in even-numbered years with the mother and odd-numbered years with the father from 10:00 a.m. until 8:00 p.m.
2. Christmas — Christmas Eve in odd-numbered years with the mother until 12:00 noon Christmas Day. The father will then have the children until December 26th at 10:00 a.m. (unless the day falls during his regular access, in that case the children will be returned to the mother at the end of the regular access). In CT Page 5901 even-numbered years the parents will switch access.
3. Easter — In even-numbered years with the mother from 10:00 a.m. until 8:00 p.m. and in odd-numbers with the father from 10:00 a.m. until 8:00 p.m.
4. Halloween — In even-numbered years with the mother and in odd-numbered years with the father.
5. Mother's Day/Father's Day — will be spent with the respective parent from 10:00 a.m. until 8:00 p.m. if not their regular Sunday access time.
6. The parents will be entitled to at least two (2) hours access to each child on the child's birthday between the hours of 10:00 a.m. and 7:00 p.m., with at least seven (7) days advance written notice to the other parent.
7. In even-numbered years, the mother will have the children on the 4th of July and the father will have the children on Memorial Day and Labor Day. In odd-numbered years, the parents will alternate access.
VACATIONS:
The parents will have the option to exercise up to two (2) nonconsecutive weeks of vacation during the year. This time will not be during the above listed holidays. The mother will have first choice of weeks in even numbered years and the father will have first choice in odd numbered years. The parents will notify one another, in writing, no less than sixty (60) days in advance.
MISCELLANEOUS:
Should either parent move more than five (5) miles from their residence, they will provide the other parent with notice of their plan move at least sixty (60) days in advance in writing. The notice will minimally include the new address, date of move and phone number if available. If the children are to be removed from the State of Connecticut for more than seventy-two (72) hours, the parent with the children will notify the other parent, at least thirty (30) days in advance in writing. The notice is to minimally include the dates of the excursion, pertinent travel arrangements, itinerary and phone numbers where the children can be reached. The children will have reasonable CT Page 5902 telephone access to each parent. Neither parent shall remove the children from the country with the written consent of the other.
8. Since the plaintiff mother is receiving welfare and food stamps and arrangements have been made directly with the Support Division, the court will continue in affect the order of $35.00 per week payable to the State plus $5.00 per week on arrearage due the State. The court will transfer jurisdiction of the child-support matter to the Assistant Attorney General and the Family Support Division.
9. The defendant is ordered to pay the sum of $1.00 per year alimony to the plaintiff. In addition the defendant is to pay the sum of $2,000 is counsel fees to Attorney Lisa Faccadio as trustee for the plaintiff and said counsel fees shall not be dischargeable in bankruptcy. However, said fees may be paid at the rate of $100 per month. The defendant is also to transfer both the 1987 Toyota Van and the Alfa Romeo to the plaintiff wife. The plaintiff is awarded all of the furniture, furnishings, jewelry etc. presently in her possession and is entitled to the four chairs used in the hair dressing business which the defendant claims to have in his possession.
Both parties shall be responsible to provide health insurance coverage for the benefit of the minor children as may be available through any employment that they may have in the future. The parties shall share equally all unreimbursed medical, dental and other necessary health expenses incurred for the benefit of the minor children.
O'CONNELL, J.
Judgment to enter in accordance with Foregoing Memorandum of Decision. Jonathan Field, Deputy Chief Clerk